Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8562 | **DATE** | 8/30/2004 |
| **CASE TITLE** | HUSSEY vs. SUNRISE SENIOR LIVING, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [37-1] is granted. Judgment is entered for defendants Sunrise Senior Living Services, Inc. and Marriott Senior Living Services, Inc. and against plaintiff Dejuana Hussey. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order on the reverse side of the original minute order.] order attached to the original minute

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 31 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 8/30/2004 date mailed notice | |
| CB | courtroom deputy's initials | 2004 AUG 31 PM 12:11 | PW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEJUANA HUSSEY, | ) |
| | ) |
| Plaintiff, | ) No. 03 C 8562 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| SUNRISE SENIOR LIVING SERVICES, | ) |
| MARRIOTT INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Dejuana Hussey sues Sunrise Senior Living Services, Inc., and Marriott Senior Living Services, Inc. (collectively "defendants") for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). Hussey claims she was discriminated against based on her color and race. Specifically, Hussey alleges she was denied training opportunities and a promotion, and that she received unequal pay. In addition, Hussey alleges she was constructively discharged. Defendants deny the allegations and move for summary judgment.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Hussey has failed to comply with Local Rule 56.1(b)(3), which requires: (1) a concise response to defendants' Rule 56.1(a)(3) statement of undisputed material facts; and (2) a statement of any additional facts that require denial of summary judgment. Both the

1

47

response and the statement must be supported by specific citations to record evidence. Hussey does not provide either a response to defendants' facts or a statement of additional facts. Instead, she submits her own affidavit summarily disputing defendants' statement of facts and the issues raised in defendants' summary judgment motion. The affidavit further purports to incorporate her memorandum's statement of facts section. Hussey Aff. ¶ 5. Neither her affidavit nor her memorandum's seven page statement of facts cite any record evidence to support her assertions. Mere denial of facts without specific references to record evidence is insufficient to rebut a motion for summary judgment. *Fuller v. Caterpillar Inc.*, 124 F. Supp. 2d 610, 614 (N.D. Ill. 2000). Defendants' undisputed facts are therefore deemed admitted. *Id.*; *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); L.R. 56.1(b)(3)(B). This admission severely penalizes Hussey, for the court must depart from its usual posture of construing all facts in her favor. *Waffer v. Indian Creek Ranch Club, Inc.*, No. 99C6413, 2000 U.S. Dist. LEXIS 9008, at *3 (N.D. Ill. June 20, 2000), *quoting Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994). The court will not consider any facts contradicting defendants' Rule 56.1 statement. *Smith v. Severn*, 129 F.3d 419, 425-26 (7th Cir. 1997). Summary judgment will only be granted, however, if defendants demonstrate there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 782 (7th Cir. 2004).

## II. Facts

### A. Training and Promotions

Defendants provide care to senior residents. Sunrise acquired Marriott on March 29, 2003. In September 2001, Hussey was hired full time as defendants' minimum data set care plan coordinator for the Burr Ridge, Illinois facility. Hussey had not previously worked in an assisted

living environment. Hussey was recruited and hired by Franna Marszalek, director of health services, who became her supervisor. Six months later, Marszalek offered Hussey a promotion to health care unit coordinator. Hussey did not apply for this position. Marszalek remained Hussey's direct supervisor.

On Hussey's November 2001 performance evaluation, Marszalek indicated Hussey should consider advancement possibilities. In August 2002, Hussey looked into the General Manager in Training program ("GMIT"), which trained individuals in management positions to become general managers. She reviewed the program's website but did not apply. In her October 2002 performance evaluation, Marszalek again recommended that Hussey apply for management training and offered her the GMIT program application. Hussey refused the application, but she explored the program's availability in January and February 2003. She was told the program was unavailable and the status of the program was uncertain in light of the upcoming acquisition.

On April 11, 2003, Marszalek and Patricia Carter, regional manager, promoted Hussey to assisted living manager. Marszalek remained her supervisor. In May 2003, Hussey spoke to Marszalek about her continued interest in training and Marszalek was supportive. Upon further inquiry, Hussey learned the program was under review and being revamped on account of the acquisition. In June 2003, approximately two months after her promotion to the assisted living manager position, Hussey applied for another promotion to the assistant executive management position. Contrary to internal job application processes, Hussey did not notify Marszalek, her direct supervisor and then executive director, of her application. When Hussey applied for the assistant executive management position, she had limited experience as an assisted living manager. Marszalek met with Hussey on June 30, 2003, and informed her that she would not be allowed to

interview for the assistant executive director position because she did not yet possess the necessary leadership skills. Later that same day, Hussey submitted her letter of resignation. Hussy was not asked to resign.

**B. Salary**

Hussey's 2001 salary as health care unit coordinator is unclear from the record. As of 2003, Hussey's salary was equivalent to an hourly wage of $21.45. Mary Mullaghy, her replacement in 2003, received $20.00 per hour. This amount was later increased to $21.00 per hour in June 2003, when a competitive wage analysis for hourly-compensated nurses caused defendants to increase all non-exempt nurses' pay by $1.00 per hour.

In 2003, Hussey received a 5% wage increase upon her promotion to assisted living manager. Her salary was $46,846.80. Marszalek, in turn, was promoted to general manager. By receiving the assisted living manager position, Hussey acquired one aspect of Marszalek's prior responsibilities, which was a combination of both assisted living manager and director of health services. Marszalek had received a salary of $63,600.00 when she performed both responsibilities.

## DISCUSSION

**I. Standard of Review**

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue

4

of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II. EEOC Charge

Defendants argue Hussey is precluded from raising a claim of color discrimination because she did not raise the claim in her July 16, 2003 complaints to the EEOC. It is well established that a Title VII plaintiff may "bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996), *quoting Jenkins v. Blue Cross Mut. Hosp. Ins.*, 538 F.2d 164, 167 (7th Cir. 1976); *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). To satisfy this test, the EEOC charge and complaint must describe the same conduct and implicate the same individuals. *Bowers v. Radiological Soc'y of N. Am., Inc.*, 57 F. Supp. 2d 594 (N.D. Ill. 1999).

Defendants assert, in her deposition, Hussey describes her color discrimination claim as three people's comments regarding her fair complexion. Defendants argue Hussey's EEOC charge does not include complaints about these comments, thus her color discrimination claim does not describe the same conduct and individuals as her race claim. Defendants miss the mark. First, the record does not indicate the comments regarding Hussey's fair complexion in and of themselves constitute her claim of color discrimination. Rather, Hussey alleges the same discriminatory actions, denial of a promotion, training opportunities and equal pay, were committed on account of both her race and color. Presumably, the comments regarding her fair complexion are Hussey's evidence to support her claim of color discrimination. Second, the court must consider whether a color

discrimination claim could reasonably develop from an EEOC investigation into the race discrimination complaint. *Bowers*, 57 F. Supp. 2d at 594. Hussey's subsequent deposition testimony is irrelevant to this determination. The motion for summary judgment on the color discrimination claim, on the basis it was not included in the EEOC charge, must be denied. Hussey's color discrimination claim is reasonably related to her race discrimination claim.

**III. Race and Color Discrimination**

Title VII prohibits an employer from discharging or otherwise discriminating against an employee in the terms, conditions or privileges of employment based on the employee's race or color. 42 U.S.C. § 2000e-2(a). Section 1981 similarly prohibits employment discrimination based on race. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 346 (7th Cir. 1999), *citing Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). "While Section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical." *Von Zukerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467, 1472 (7th Cir. 1993). In order to prove a case of discrimination under Title VII or § 1981, Hussey may utilize either the direct or indirect methods of proof. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998).

**A. Direct Method**

Under the direct method, Hussey may offer either direct or circumstantial evidence. Direct evidence is evidence that, if believed by the trier of fact, would prove the fact in question "without reliance on inference or presumption." *Walker v. Glickman*, 241 F.3d 884, 888 (7th Cir. 2001), *quoting Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999). In other words, direct evidence "essentially requires an admission by the decision-maker that [its] actions were based upon the prohibited animus." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2002). Hussey has

not proffered any direct evidence of discrimination. She has not offered evidence that defendants admitted taking an adverse action against her because of her race or color. Hussey also fails to provide a "mosaic of circumstantial evidence" that directly points to a discriminatory intent. *Davis v. Conway Transp. Cent. Express, Inc.*, 368 F.3d 776, 783 (7th Cir. 2004). Of the three people who allegedly made comments regarding her fair complexion, only Marszalek was a decisionmaker and none of the comments are allegedly connected to an employment decision. Stray workplace remarks made by nondecisionmakers, or which are not related to adverse employment actions, are not evidence of discrimination. *Eiland v. Trinity Hosp.*, 150 F.3d 747, 751 (7th Cir. 1998).

**B.      Indirect Method**

To establish a *prima facie* case of discrimination using the indirect method, Hussey must demonstrate: (1) she belongs to a protected class; (2) she performed her job to defendants' satisfaction; (3) she suffered an adverse employment action; and (4) similarly situated employees who were not members of the protected class were treated more favorably. *Johnson v. Cambridge Indust., Inc.*, 325 F.3d 982 (7th Cir. 2003).

**1. Denial of Training and Failure to Promote**

Hussey testified she was denied training opportunities in 2002 and 2003. Hussey Dep. at 58-59. In her brief, she argues that the denial of training is intertwined with her failure to promote claim. Hussey Resp. at 9. The denial of training opportunities is not an adverse employment action. *See Needy v. Vill. of Woodridge*, No. 96 C 5188, 1997 U.S. Dist. LEXIS 11813, *18 (N.D. Ill. Aug. 7, 1997). Nor has Hussey identified anyone who was similarly situated and treated more favorably. Further, Hussey has not proffered evidence to establish that the denial of training was based on her race or color. The undisputed facts establish she was encouraged to pursue training on multiple

occasions from 2001-2003, but training was ultimately unavailable on account of the 2003 acquisition.

In order to establish a *prima facie* case of race discrimination based on a failure to promote, Hussey must show: (1) she belongs to a protected class; (2) she applied for and was qualified for the position sought; (3) she was rejected for the position; and (4) defendants promoted someone outside of her protected class who was not better qualified. *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). Hussey cannot establish a *prima facie* case of race discrimination based on defendants' promotion decision. Marszalek informed Hussey that she would not be eligible for the executive director position because she did not, at that time, possess the necessary leadership skills. Def. Facts at ¶ 42. Hussey has not established that she was qualified for the position, or that the person who received the position was less qualified. Hussey argues she identifies similarly situated employees in her affidavit. Hussey Resp. at 9-10. However, Hussey provides no record evidence to establish these identified individuals were similarly situated, nor does she allege the individuals received the executive director position at issue. To the extent Hussey seeks to argue that defendants actively promoted others, but not her, this assertion is belied by the record; she was promoted twice within a year and a half. Hussey has failed to establish a *prima facie* case of race or color discrimination in the denial of training opportunities or promotion. Defendants' motion for summary judgment on Hussey's denial of training and promotion claims must be granted.

### 2. Unequal Pay

To establish a Title VII claim for wage discrimination under, Hussey must establish that she was paid less than similarly situated employees who were not in her protected class, and that defendants intended to discriminate. *Cullen v. Indiana Univ. Bd. of Trustees*, 338 F.3d 693, 703-04

n.8 (7th Cir. 2003). Hussey alleges she received a different salary than similarly situated employees who were not African American because: (1) Mullaghy received a higher salary upon entering the health care unit coordinator position in 2003 than Hussey received in 2001; and (2) Hussey received a lower salary in the assisted living manager position than her predecessor Marszalek. Hussey has not provided any evidence to support these assertions. "Conclusory allegations unsupported by specific facts are insufficient in opposing a motion for summary judgment." *Hildebrandt v. Ill. Dept. of Natural Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003).

Preliminarily, Hussey has not provided any evidence that she was similarly situated to either Mullaghy, who obtained the health care coordinator position two years later, or Marszalek, her supervisor. Indeed, at $21.45 per hour, Hussey made more money in the health care coordinator position in 2003 than Mullaghy, who made $21.00 per hour. While Hussey's salary in 2001 is not clear, defendants assert the starting salary for the position increased over the two year period. Hussey has not proffered any evidence to suggest otherwise and the assertion that an increase in the position's starting salary over a two year period evidences discrimination lacks merit. In addition, the assisted living manager position was one of two positions Marszalek held for a combined salary of $63,600.00. Hussey fails to demonstrate she was discriminated against because she did not receive Marszalek's equivalent salary upon assuming only one of her positions. Defendants' summary judgment motion on the allegations of unequal pay must be granted.

## IV. Constructive Discharge

Hussey's complaint alleges constructive discharge. Except for defendants' undisputed fact asserting Hussey was not asked to resign, neither party mentions the constructive discharge claim on summary judgment. Nonetheless, the court briefly addresses the constructive discharge claim.

9

Hussey can assert a claim for constructive discharge if her working conditions, from the standpoint of a reasonable employee, became so intolerable she was forced to resign. *Grube v. Lau Indus. Inc.*, 257 F.3d 723, 728 (7th Cir. 2001). To support a constructive discharge claim, working conditions must be egregious. *Tutman v. WBBM-TV, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000). Further, absent extraordinary circumstances, an employee must remain on the job and give the employer an opportunity to resolve the problem. *Grube*, 257 F.3d at 728. Hussey cannot establish that her working conditions were intolerable. The record demonstrates she received encouragement towards advancement and two promotions while employed by defendants. She did not give defendants an opportunity to address the alleged problems. Rather, she walked out of a meeting with her supervisor and resigned without notice. Her constructive discharge claim conclusively lacks merit.

## CONCLUSION

The material facts are undisputed. For the foregoing reasons, defendants are entitled to judgment as a matter of law on all claims.

August 30, 2004

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge